471 P.2d 151

Shirman MILLINER and Shanna Van-
Wagoner, Plaintiffs and Respondents,

v.

Walton R. FARMER and Heber Valley
Ford, Inc., Defendants, Third-Party
Plaintiffs and Appellants,

v.

JAMES FORD SALES, INC., and G. Gordon
James, Third-Party Defendants.

No. 11955.

Supreme Court of Utah.

June 9, 1970.

J. Harold Call, Heber City, for appel-
lants.

John L. Chidester, Heber City, for re-
spondents.

Don E. Olsen, Salt Lake City, for third-
party defendants.

TUCKETT, Justice.

The plaintiffs commenced these proceed-
ings in the court below to recover damages
for breach of the terms of a lease.

The third party complaint against the
defendant G. Gordon James was dismissed
and the third party defendant James Ford
Sales, Inc., defaulted and judgment was

taken against it. The issues between the plaintiffs and the defendants were submitted to the court on stipulation except as to the amount of attorneys' fees and as to that issue the plaintiff called a witness who testified as to the amount of a reasonable attorneys' fee. The defendants have appealed to this court seeking a reversal of the award of an attorney's fee.

On July 23, 1962, the plaintiffs as lessors entered into a lease with G. Gordon James as lessee for certain business premises in Heber City, Utah. The term of the lease was for a period of five years. The lease was subsequently assigned to Walton R. Farmer who in turn assigned the lease to Heber Valley Ford, Inc.

The lease by its terms expired on July 23, 1968, and thereafter the defendants continued to occupy the premises and to pay rent in the amount specified in the lease. On February 12, 1969, plaintiffs served upon the defendants a notice of termination of lease and to vacate the premises.

It is the defendants' contention here that the plaintiffs' right to recover attorneys' fees under the provisions of the lease expired upon termination of the lease on July 23, 1968. In support of their contention the appellants cite Section 78-36-3, U.C.A. 1953, which provides in part as follows:

* * * In all cases where real property is leased for a specified term or period, or by express or implied contract, whether written or parol, the tenancy shall be terminated without notice at the expiration of such specified term or period * * *.

It is the defendants' further contention that the plaintiffs having elected to terminate the lease and to require the defendants to vacate the premises was an election to treat the lease and the tenancy thereunder at an end and that the provision of the lease obligating the tenant to pay attorneys' fees likewise ended.

Our examination of the record indicates that contrary to appellants' contentions before this court the stipulations entered into by the parties while this matter was pending before the district court indicate that the defendants considered themselves bound by the lease and that they were holding under it.

We are of the opinion that the judgment of the trial court awarding attorneys' fees to the plaintiffs was proper and the same is affirmed. Respondents are entitled to costs.

CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (concurring).

I concur, but in doing so I wish to set forth some further facts in explanation of my concurrence.

The plaintiffs as lessors and G. Gordon James, one of the third party defendants, as lessee entered into a five-year written lease on July 23, 1963. The lease provided that in case of a hold-over, such holding over should constitute a tenancy from month to month. This is equivalent to saying that the lease was in full force and effect for five years and thereafter from month to month until terminated pursuant to law. The lease also contained the usual provisions for surrender of the leased premises at the expiration of the lease in the same condition, etc., and also that in case an action was brought to enforce any provision of the lease, the loser would pay an attorney's fee.

While the lessee was in possession of the property, he erected a chain link fence thereon from material furnished by Shirman Milliner, one of the plaintiffs herein, and claimed that Milliner told him that he could have the material if it were installed as a fence on the leased property. Thereafter the lease was assigned to defendant Farmer, and one month later was reassigned to the defendant Heber Valley Ford, Inc., all with the approval of the plaintiffs. At the time of the assignment of the lease to Heber Valley Ford, the James Ford Sales, Inc., by G. Gordon James, for value received, gave a bill of sale to Heber Valley Ford, Inc., for a long list of personal property items and also included all fences and fencing on the leased premises.

The lease expired July 23, 1968, and on January 22, 1969, the plaintiffs served by certified mail a notice to quit on Walton R. Farmer, and on February 12, 1969, they caused a notice of termination of lease and a notice to vacate the premises as of February 10, 1969, to be served by the sheriff of the county upon both Farmer and Heber Valley Ford.

On February 20, 1969, plaintiffs instituted an action in unlawful detainer against the defendants, which was dismissed with prejudice on a date in the latter part of May, 1969, because of defective service of notice.

After notice to vacate was served upon the defendants, and while the unlawful detainer action was pending, they removed the chain link fence, and on March 27, 1969, the present action was commenced asking for a return of the fence, for damages, and for punitive damages.

During the latter part of May the defendants signed an undated document denominated "Stipulation," whereby they agreed to vacate the property on July 12, 1969, and to pay the rent due up to that date, which agreement was kept. However, on or about July 10, 1969, two days before the defendants moved, they removed various railings and pipes from the leased property, and on the 25th of July the plain-

tiffs filed an amended complaint whereby it was alleged that the fence, pipes, and railings were removed by defendants and converted to their own use and that the same was in derogation of the terms of the lease. The complaint also alleged that the defendants are responsible for reasonable attorney's fee.

Thereafter and before trial, the parties settled their differences and agreed upon a method of calculating damages and for a return of the property. On November 19, 1969, the parties tried the issue of whether or not the plaintiffs were entitled to an attorney's fee and the amount thereof. The court awarded the sum of $500 as being a reasonable attorney's fee, and that figure is not disputed by the appellants herein.

This appeal is based upon the idea that no attorney's fee could be allowed for the reason that when notice was served upon the defendants to vacate the property, the plaintiffs could no longer rely upon the lease and were compelled to treat the defendants as trespassers, and since they could not rely upon the lease, they could not obtain an attorney's fee for property thereafter removed.

The answer to the contention is that the notices were not properly served and both parties considered the tenancy from month to month to be in full force and effect until July 12, 1969. The terms of the written lease regarding the surrender of the property and the payment of an attorney's fee in case surrender was not made as agreed applied equally to the month-to-month tenancy following the lease as it did to the term covered by the written lease.[1]

Ordinarily an action for breach of covenant to surrender in good condition will not lie until the expiration of the lease, and this is because the leased premises may be placed in a proper state of repair by the time the lease expires, and therefore no breach would occur.[2] No complaint was raised to the premature filing of the complaint in this matter or of the amendment thereto, and so we do not notice them on this appeal.

I, therefore, concur in the holding of the main opinion and would affirm the judgment below.

CROCKETT, C. J., concurs in the concurring opinion of ELLETT, J.

[1]  49 Am.Jur.2d Landlord and Tenant § 1146.

[2]  49 Am.Jur.2d Landlord and Tenant § 977.